UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW A. SHORT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:13-CV-258 JD |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Matthew A. Short, a *pro se* prisoner, filed a habeas corpus petition purporting to challenge a disciplinary proceeding held at the Wayne County Jail on August 21, 2012, where he lost 207 days earned credit time. However, he is not actually challenging the legitimacy of that proceeding or the manner in which his credit time was taken. Rather, he explains that he is bringing this habeas corpus case because the Indiana Department of Correction can (and should) restore the credit time taken by the jail because he has a clean conduct record since that incident. This argument is not a basis for finding that he is entitled to habeas corpus relief based on any due process errors during this Wayne County Jail disciplinary proceeding. What Short is really challenging is the Indiana Department of Correction's administrative decision not to restore his lost credit time. However, that is not challengeable in a habeas corpus proceeding.

> In order to bring an action under § 2254, a prisoner must be "in custody" pursuant to the conviction or sentence being challenged. Although § 2254 is the appropriate vehicle when prison officials have revoked good-time credits once earned, or lowered a previously established credit-earning classification, Hadley is not complaining that any benefit already conferred has been taken away.

*Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (citations omitted). The Seventh Circuit has "held that § 1983 must be used where a claim, if decided favorably to the prisoner, at best might accelerate the accrual of good time and hasten the prisoner's release." *Id.*

> [A] challenge to the Director's procedure in awarding discretionary good time is similar to an inmate's attacks on the procedures states use to consider applications for parole. The Supreme Court has analyzed disputes about parole procedures under § 1983. We have held that attacks on parole procedures are properly brought under § 1983 because they ask courts to examine administrative procedures, not the duration of an inmate's custody. Here, Hadley is arguing that the Director's method of awarding discretionary good time has been, after the *Lane* decision, unconstitutional as applied to him. If successful, this claim has the potential to affect Hadley's duration of confinement, but that possibility is too attenuated from this proceeding to state a claim under § 2254.

*Id.* at 665 (citations omitted). So too here.

Because Short has expressed a desire to challenge events which can only be challenged in a prisoner civil rights case (if at all), the court will direct the clerk to send him the paperwork to file such a case if he chooses to do so. However, he should not infer that the court has expressed any opinion as to the merits of such a claim nor the wisdom of filing such a case. Furthermore, he is cautioned that if he files a prisoner civil rights case, he will have to pay the filing fee either in advance or over time – and that if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

For the foregoing reasons, the court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the clerk to send Matthew A. Short a blank 42 U.S.C. § 1983 Complaint Packet.

SO ORDERED.

ENTERED:   September 6, 2013

　　　　　　　　　　　　　　　　　　　　　　  /s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court